UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RICHARD ALLEN**   **PETITIONER**

**v.**   **CIVIL ACTION NO. 3:14-CV-P506-DJH**

**CLARK TAYLOR**   **RESPONDENT**

**MEMORANDUM OPINION**

      Petitioner Richard Allen filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a state prisoner, challenges his parole eligibility date.  He asserts that he is entitled to a parole board hearing under laws in effect prior to July 15, 1998, which he asserts provided for parole eligibility after 12 years.  He states that he has exhausted his administrative remedies through the Kentucky Department of Corrections (KDOC).  He states that under KDOC regulations "he is only required to proceed with the Administrative Review Process to the Department of Corrections Offender Information Services in Frankfort KY.  I exhausted all available remidies and have no other remedy to help in this matter."  As relief, he seeks a writ directing that he be granted a parole hearing; that an order be entered recalculating his sentence pursuant to law in effect prior to July 15, 1998; that a full investigation be had; and that he be awarded any other relief.  He attaches various documents.

      To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action.  *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).  "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."  *Id.*; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982).  "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first

opportunity to review all claims of constitutional error." *Id.* at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, because Petitioner stated that he had exhausted his administrative remedies through KDOC, but not in the Kentucky court system, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust his state-court remedies. He timely filed his response.

In his response, Petitioner still contends that all he was required to do to exhaust this issue is to follow the KDOC administrative review process and then appeal to the Frankfort Branch. He asserts, "Petitioner has exhausted his remedies administratively which is all that is required pursuant to Ky Policy and Procedures 17.4 prior to filing the instant 2241 petition for federal habeas corpus. Not challenging the Parole Board."

Here, while the petitioner exhausted his administrative remedies within the KDOC, he failed to present his claims to the courts of the Commonwealth. Petitioner has failed to give the courts of the Commonwealth the opportunity to provide him the relief he seeks. *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (holding that a state inmate who challenges the calculation of his sentence must first exhaust his state-court remedies prior to filing suit). Once Petitioner has presented this issue to the Supreme Court of Kentucky, he may bring his challenge here, assuming he is not successful in the state courts. Because Petitioner failed to exhaust his

2

state court remedies prior to seeking federal habeas corpus relief, the Court will deny the petition and dismiss the action without prejudice.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: January 7, 2015

David J. Hale, Judge
United States District Court

cc: Petitioner, *pro se*
4415.009

3